UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-796-H

MATTHEW GENTRY, et al.                                                                                    PLAINTIFFS

V.

GENERAL MOTORS CORPORATION                                                                DEFENDANT

**MEMORANDUM OPINION**

      This is an automotive product liability case arising from a December 27, 2002, single vehicle accident in Jefferson County, Kentucky. Plaintiff, Matthew Gentry, drove his 1998 Chevrolet S-10 truck off the road, crashing into the rear of another vehicle and a front porch of a house. The air bag did not deploy. Plaintiff was rendered a paraplegic as a consequence of the accident. The proof in the case is now complete. Defendant has moved for summary judgment.

      Plaintiff now states that his claim is one based upon an alleged manufacturing defect, rather than a design defect, under the "crash worthiness doctrine." *See Toyota Motor Corp. v. Gregory*, Ky., 136 S.W.3d 35, 41-42 (2004). Under this doctrine Plaintiff does not allege that the manufacturing defect caused the accident. Rather, he says that the manufacturing defect caused his injuries to be more serious than would otherwise have occurred absent the defect. Plaintiff has no direct evidence of a manufacturing defect and no expert witnesses have given an opinion about one. Plaintiff has presented only circumstantial evidence of a manufacturing defect. Consequently, the question before the Court is whether circumstantial evidence tilts the balance from the mere possibility of a manufacturing defect to the reasonable probability of it.

*See King v. Ford Motor Co.*, 209 F.2d 886, 893 (6th Cir. 2000).

Plaintiff has alleged two manufacturing defects. First, he alleges that an Auxiliary Discriminating Sensor ("ADS") within the computerized air bag system was either not installed properly or was improperly installed. As a result of this alleged negligence, the air bag did not deploy. Second, Plaintiff argues that the SIR warning light did not function properly and, as a result, did not warn Plaintiff that the auxiliary sensor was not working. Had the SIR warning light functioned properly, Plaintiff would have observed a continuous warning light indicating that the air bag system needed repair.

The most recent and most cited Kentucky case regarding crash worthiness concerned a design defect rather than a manufacturing defect. *See Toyota Motor Corp.*, 136 S.W.3d at 41-42. Plaintiff does not now contend that the air bag system was defectively designed or that a safer system existed. Everyone now agrees that had the system performed according to its design, the air bag should have deployed. There is no reason, however, that a manufacturing defect claim could not be a foundation for a crash worthiness claim.

Under Kentucky law, a manufacturing defect exists when a product leaves the hand of the manufacturer in a defective condition because it was not manufactured or assembled in accordance with its specifications. *See Greene v. B.F. Goodrich Avionics System, Inc.*, 409 F.3d 784, 788 (6th Cir. 2005). A manufacturing claim requires the jury to determine whether the product failed because of an error in the process of manufacturing or assembly. *Id.* Proceeding under a theory of strict liability, Plaintiff need not show that Plaintiff was actually at fault, but simply that the product as it left the hands of the manufacturer was defective. *Id.* Here, no expert has testified that either the ADS or the SIR warning light was defective as a result of a

manufacturing process. Therefore, the Court must carefully weigh the kinds of inferences which a reasonable jury may draw merely from circumstantial evidence.

As to the ADS, all the parties who examined the air bag system agree that the sensor failed to function either because (1) it was not present in the vehicle at the time of the crash or (2) some unknown reason its wires were not connected at the time of the crash. The overwhelming inference of the evidence is that the ADS was simply not present. From the inability of anyone to physically locate the sensor and from a review of the computer read out a jury can draw a reasonable inference that the sensor was not present for some time. Another possible conclusion is that for some reason the sensor was never installed. Even though other evidence strongly suggests that such an occurrence was unlikely, it remains a reasonable inference at this time. In these particular circumstances, expert opinion is not required because the proposed conclusions rest upon a permissible inference of fact, that is the absence of the sensor at the time of the accident. This known fact would permit a jury to conclude that the sensor was never installed.

The defective manufacture of the SIR warning light is another matter. The alleged malfunction of the warning light is based solely upon Plaintiff's testimony that the light did not show a continuous signal after ignition. Plaintiff testified that the light blinked several times and then made no further signal, as would be expected if the air bag system was working properly. Plaintiff has presented no evidence that the light itself was inoperable. In fact, the evidence is that the light was operable. Though the evidence is hotly disputed, a jury could believe Plaintiff that the light was not operating correctly immediately prior to December 27, 2002. However, no one has explained how a functioning light might fail to show a continuous warning signal as

described. Without some other explanation of how any manufacturing mistake could cause such a sequence of events, a jury can only speculate whether the warning light was defectively manufactured or installed some four years previous. This is a degree of speculation not permitted from this limited circumstantial evidence.[1]

The parties' accident reconstruction and medical experts dispute whether Plaintiff suffered greater injuries due to the failure of the air bag to deploy. The Court concludes at this time that Plaintiff's experts have presented sufficient testimony to support a finding of added injury resulting from the failed deployment.

The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record

---

[1] The testimony of Plaintiff's observation of the blinking light may be relevant for other purposes. The Court will consider those evidentiary issues as necessary.